## IN THE DISTRICT COURT OF MURRAY COUNTY
## STATE OF OKLAHOMA

BILL AND JULIE MAYO,          )
                                  )
            Plaintiff,         )
                                  )
*versus*                       )     Case No. CJ-14-30
                                  )
FARMERS ALLIANCE MUTUAL INSURANCE)
COMPANY, CREWS INSURANCE AGENCY, )
PACESETTER CLAIMS SERVICE, INC., and )
CHARLES EDWARD GALLOWAY,    )
                                  )
            Defendants.     )

**FILED**

MAY 19 2014

CHRISTIE PITTMAN, Court Clerk
By_____ for _____ Deputy

### PETITION

**COMES NOW** the Plaintiff, BILL MAYO (hereinafter "Plaintiff") and for its

causes of action against Defendants, FARMERS ALLIANCE MUTUAL INSURANCE

COMPANY, (hereinafter collectively referred to as "FARMERS ALLIANCE"), CREWS

INSURANCE AGENCY, (hereinafter "CREWS INS. AGENCY"), PACESETTER

CLAIMS SERVICE, INC., (hereinafter "PACESETTER CLAIMS") and CHARLES

EDWARD GALLOWAY (hereinafter "GALLOWAY") hereby states as follows:

### STATEMENT OF FACTS

1.    Plaintiffs are residents of Sulphur, Murray County, Oklahoma. Plaintiffs have an

insurable interest in the property located at 4349 Cooper Memorial Dr., Sulphur,

73086.

2.    Defendant, FARMERS ALLIANCE, is a corporation incorporated under the laws

of the State of Kansas, and is an insurance company registered to engage in the

business of insurance in the state of Oklahoma.

1



3.    Defendant, CREWS INS. AGENCY, is an insurance agency incorporated under the laws of the State of Oklahoma, having its principal place of business in Oklahoma.

4.    Defendant, PACESETTER CLAIMS, is a corporation authorized to conduct business in the state of Oklahoma and is engaged in the business of insurance in the state of Oklahoma.

5.    Defendant, GALLOWAY, upon information and belief, is a citizen of Oklahoma and is licensed as an insurance adjuster in the state of Oklahoma. GALLOWAY's adjuster license number in the State of Oklahoma is #0040099720. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiffs' claim. This Defendant is an individual that was hired as an adjuster by one or more other Defendants herein.

6.    Plaintiffs entered into a contract for insurance with Defendant, FARMERS ALLIANCE to provide coverage for their property and its contents. Plaintiffs' insured property is located in Murray County, Oklahoma.

7.    Plaintiffs purchased the policy of insurance through the offices of Defendant, CREWS INS. AGENCY. At the time Plaintiffs purchased the policy of insurance with Defendant FARMERS ALLIANCE, the Defendant CREWS INS. AGENCY was an agent and/or an ostensible agent of Defendant FARMERS ALLIANCE.

8.    Defendant, CREWS INS. AGENCY, was familiar with Plaintiffs and has served as Plaintiffs' primary insurance agent for his insurance needs. Defendant, FARMERS ALLIANCE, advised Plaintiffs of the need to maintain replacement cost coverage on the property.

9.      Plaintiffs relied on Defendant, CREWS INS. AGENCY's representations and purchased the same.  Plaintiffs trusted and believed Defendant, CREWS INS. AGENCY had the requisite insurance agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiffs requested.

10.     Thereafter Defendant, FARMERS ALLIANCE, issued the Homeowners policy of insurance, Policy No. HP456003HP08, to the Plaintiffs.

11.     Defendant, FARMERS ALLIANCE, represented to the Plaintiffs, directly and through thier agent, Defendant, CREWS INS. AGENCY, that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiffs relied on said representations.

12.     On or about May 26, 2013, the property insured by Plaintiffs under the subject insurance policy was severely damaged as a direct result of a wind/hailstorm.

13.     Plaintiffs timely and properly submitted a claim to Defendant, FARMERS ALLIANCE, for the property damage incurred due to the wind/hailstorm.

14.     Defendant, FARMERS ALLIANCE confirmed that the cause of Plaintiffs' property damage claim was due to wind/hailstorm and that the loss was covered under the terms and conditions of the insurance policy with Defendant, FARMERS ALLIANCE. Defendant, FARMERS ALLIANCE assigned a claim number of 40001 HP456003HP08.

**STATUTORY AUTHORITY**

15.     This suit is being brought, in part, under the Oklahoma Unfair Settlement Practices Act, Okla. Stat. Ann. §36-1250.5; and the Oklahoma Consumer Protection Act, 15 Oka. Stat. §753.

3

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

16.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 15 above as if fully plead herein, and for further claims against the Defendant, FARMERS ALLIANCE, alleges as follows:

17.   Plaintiffs entered into a contract for insurance with Defendant, FARMERS ALLIANCE, to provide coverage for the dwelling and personal property.

18.   At all times material hereto, the policy of insurance, Policy No. HP456003HP08, was in full force and effect.

19.   Plaintiffs provided timely and proper notice of their claim of property damage resultant from the May 26, 2013 wind/hailstorm.

20.   Plaintiffs have complied with the terms and conditions and all conditions precedent under the policy of insurance.

21.   This notwithstanding, the Defendant, FARMERS ALLIANCE, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiffs by failing to pay Plaintiffs all benefits owed.

22.   As a result of the Defendant, FARMERS ALLIANCE's breach of contract the Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

23.   The conduct of Defendant, FARMERS ALLIANCE, was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SECOND CAUSE OF ACTION
## BAD FAITH

24.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 23 above as if fully plead herein, and for further claims against the Defendants, FARMERS ALLIANCE, PACESETTER CLAIMS, and GALLOWAY, (sometimes referred to hereafter as the "DEFENDANTS"). alleges as follows:

25.   Defendants, FARMERS ALLIANCE, PACESETTER CLAIMS, and GALLOWAY, owed a duty to Plaintiffs to deal fairly and act in good faith.

26.   Defendants, FARMERS ALLIANCE, PACESETTER CLAIMS, and GALLOWAY, breached their duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

    a.   Failing to pay the full and fair amount for the property damage sustained by Plaintiffs during the May 26, 2013 wind/hailstorm in accordance with the terms and conditions of the insurance poilcy.

    b.   Failing to pay all additional coverages due and owing to Plaintiffs under the terms and conditions of the insurance policy

    c.   Reducing the fair amount of Plaintiffs' claims unfairly and without a valid basis.

    d.   Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiffs under the terms and conditions of the insurance policy.

    e.   Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiffs' claim.

5

    f.      Forcing Plaintiffs to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

    g.     Failing to conduct a fair and objective investigation of the damage to Plaintiffs' property.

    h.     Intentionally engaging in an outcome oriented investigation.

    i.      Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiffs and other similarly situated insureds as a cost-saving mechanism.

27.    Defendants, FARMERS ALLIANCE'S and GALLOWAY'S obligations to the Plaintiffs arise from both express written terms under the insurance policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

28.    Defendants, FARMERS ALLIANCE'S and GALLOWAY'S failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

29.    Defendants, FARMERS ALLIANCE'S and GALLOWAY'S conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiffs and constitutes bad faith.

30.    As a direct and proximate result of Defendants, FARMERS ALLIANCE'S and GALLOWAY'S unfair claims handling conduct, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant, FARMERS ALLIANCE.

31.   As a result of the Defendants, FARMERS ALLIANCE'S and GALLOWAY'S conduct the Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

32.   The conduct of Defendants, FARMERS ALLIANCE, PACESETTER CLAIMS and GALLOWAY was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

33.   Plaintiffs further alleges Defendant, FARMERS ALLIANCE enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

**THIRD CAUSE OF ACTION**
**BREACH OF FIDUCIARY DUTY**

34.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 33 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

35.   Due to the unequal bargaining power between Plaintiffs and Defendants, the quasi-public nature of insurance, and the potential for Defendants to unscrupiously exploit that power at a time when Plaintiffs were most vulnerable, a special relationship akin to that of a fiduciary duty exists between Plaintffs and Defendants.

36.   As a result of the special relationship, Defendants owed a fiduciary duty to their insured to act in a manner consistent with the best interests of their insured.

37.    A fiduciary duty existed between Plaintiffs and Defendant, CREWS INS. AGENCY. The overwhelming influence of Defendant, CREWS INS. AGENCY over Plaintiffs, and Plaintiffs' dependency and trust in their insurance agent, and Defendant, CREWS INS. AGENCY's assurance it could procure the insurance policy Plaintiffs requested creates a fiduciary status.

38.    Given the specialized knowledge the Defendant, FARMERS ALLIANCE, possessed with regard to the terms and conditions of the insurance policy, the Defendant, FARMERS ALLIANCE's duty to act reasonably created such a special relationship so as to make the Defendant, FARMERS ALLIANCE, a fiduciary.

39.    The Defendants breached their fiduciary duties owed to the Plaintiffs.

40.    As a result of Defendants' breach of fiduciary duties, Plaintiffs have sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

41.    The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

42.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 41 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

43.   Defendant, CREWS INS. AGENCY, was familiar with Plaintiffs and had been hired as Plaintiffs' primary insurance agent for the property insurance needs. In this capacity, Defendant, CREWS INS. AGENCY, advised Plaintiffs of the need to purchase and maintain the more expensive replacement cost coverage so that its business dwelling and personal property would be replaced in the event of damage or destruction to their property by a covered loss.

44.   Plaintiffs relied upon Defendant, CREWS INS. AGENCY's representations and annually purchased the suggested coverage by paying a higher premium each year.

45.   Defendant, CREWS INS. AGENCY, procured the subject replacement cost policy for Plaintiffs.

46.   At all times relevant hereto, the Defendant, CREWS INS. AGENCY, was an agent and/or an ostensible agent of Defendant, FARMERS ALLIANCE.

47.   Defendant, FARMERS ALLIANCE, owed Plaintiffs a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Plaintiffs, and in the notification of insurance coverage options to the Plaintiffs.

48.   Defendant, CREWS INS. AGENCY, had a duty to inform Plaintiffs of all coverages, benefits, limitations and exclusions in the coverage procured.

49.   Defendant, CREWS INS. AGENCY, breached its duty owed to Plaintiffs and is liable to the Plaintiffs because the insurance requested by Plaintiffs was not procured as promised and Plaintiffs suffered a loss.

50.   Defendant CREWS INS. AGENCY breached its duty owed to Plaintiffs by:

   a.   Procuring an insurance policy that did not serve to actually replace their property and personal property when it was damaged or destroyed by a covered loss.

   b.   Procuring an insurance policy that did not accurately reflect the replacement cost of Plaintiffs' dwelling.

   c.   Failing to inform Plaintiffs of the limitations of the insurance policy procured for Plaintiffs.

51.   Defendant, CREWS INS. AGENCY, was negligent and breached its duty owed to Plaintiffs by failing to review the policy procured for Plaintiffs to ensure it provided appropriate and adequate coverage.

52.   Plaintiffs reasonably believed the insurance policy procured and mainained by Defendant, CREWS INS. AGENCY, was in conformity to their agreement with Defendant, CREWS INS. AGENCY.

53.   Plaintiffs relied upon Defendant, CREWS INS. AGENCY, to procure and maintain appropriate and adequate coverage.

54.   Defendant, CREWS INS. AGENCY knew or should have known Plaintiffs relied upon it to procure appropriate and adequate coverage, and it is foreseeable that the failure to procure appropriate and adequate coverage for Plaintiffs could unnecessarily expose Plaintiffs to significant harm, losses and damages.

55.   The Defendant, CREWS INS. AGENCY was an agent and/or an ostensible agent of Defendant, FARMERS ALLIANCE, and Defendant, FARMERS ALLIANCE

is vicariously liable for the conduct of Defendant, CREWS INS. AGENCY.

56. As a result of Defendants' conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

57. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FIFTH CAUSE OF ACTION
## CONSTRUCTIVE FRAUD AND
## NEGLIGENT MISREPRESENTATION

58. Plaintiffs adopt and incorporate by reference paragraphs 1 through 57 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

59. Defendant, CREWS INS. AGENCY, had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiffs of insurance coverage options.

60. Defendant, CREWS INS. AGENCY, breached its duty to Plaintiffs by misrepresenting to Plaintiffs as follows:

   a. That the insurance procured was truly one of "replacement."

   b. That the amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiffs' property.

   c. That the amount of coverage procured would provide the coverage necessary for Plaintiffs to replace their property in the event it was destroyed by a covered event.

    d.    That the insurance policy procurred would comply with Plaintiffs' reasonable expectations that the property would be restored to its pre-loss condition in the event of a covered loss.

61.    That as a result of Defendant, CREWS INS. AGENCY'S breach of duty, Defendant, CREWS INS. AGENCY, gained an advantage to the prejudice and detriment of Plaintiffs.

62.    Defendant, CREWS INS. AGENCY, misrepresented the nature of the insurance policy procured for Plaintiffs.

63.    Defendant, CREWS INS. AGENCY, misrepresented the policy as one which was necessary to provide appropriate and adequate coverage for Plaintiffs' business property and personal property.

64.    Defendant, CREWS INS. AGENCY, misrepresented the policy was one which was in an amount necessary to replace Plaintiffs' property in the event it was destroyed by a covered event.

65.    Defendant, CREWS INS. AGENCY's misrepresentations constitute constructive fraud.

66.    Plaintiffs were induced to accept and purchase the Defendant, FARMERS ALLIANCE, policy of insurance by Defendant, CREWS INS. AGENCY'S misrepresentations and constructive fraud.

67.    Plaintiffs were misled by Defendant, CREWS INS. AGENCY's misrepresentations and constructive fraud.

68.    The Defendant, CREWS INS. AGENCY, was an agent and/or an ostensible agent of Defendant, FARMERS ALLIANCE for purposes of these misrepresentations,

and as such the Defendant, FARMERS ALLIANCE, is vicariously liable for the conduct of Defendant, CREWS INS. AGENCY.

69. As a result of the Defendants' misrepresentations and constructive fraud, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

70. Plaintiffs are further entitled to reformation of the insurance contract to provide coverage consistent with the Defendant, CREWS INS. AGENCY's misrepresentations.

71. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SIXTH CAUSE OF ACTION
## NEGLIGENT UNDERWRITING

72. Plaintiffs adopt and incorporate by reference paragraphs 1 through 71 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

73. At the time the insurance policy was sold to Plaintiffs, Defendants were obligated to utilize reasonable valuation methodology to determine the costs which Defendants considered necessary to cover the replacement costs of Plaintiffs' property. As such, Defendants were then prohibited from writing a policy for more insurance than they considered necessary to cover the replacement cost of Plaintiffs' property as determined at the time the subject policy was written.

74.   Thereafter, Defendants owed a duty to Plaintiffs to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insurer-insured relationship was established.

75.   Defendants breached their duties to Plaintiffs to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiffs' dwelling and/or personal property.

76.   Defendants' breach resulted in both inconsistent and inaccurace replacement cost valuations whereby the Plaintiffs paid premiums for policy limits that did not accurately reflect the risks insured.

77.   Defendants further breached their duties by automatically applying Defendant, FARMERS ALLIANCE's annual inflationary adjustments which were utilized to increase Plaintiffs' policy limits and premiums without regard to whether or not the inflationary adjustment increase was necessary in relation to the dwelling's valuation at the time.

78.   The conduct and inconsistencies referenced herein violate Defendants' duties of good faith and fair dealing implicit in the insurance contract with Plaintiffs and other Oklahoma policyholders.

79.   Defendants' obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code and Defendants' failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes unfair claims

handling.

80. Defendants' conduct referenced herein constitutes a breach of this duty of good faith and fair dealing which is inherent in all insurance contracts within the State of Oklahoma.

81. Defendants' failure to procure the proper insurance product morally and legally requires it to be held to a duty of reasonable care, and that the burden of the resulting liability for breach of this duty be imposed upon them. This duty exists to foreseeability of the harm to Plaintiffs which could occur as a result of failure to underwrite or procure adequate and appropriate insurance; the procurement of inadequate and improper insurance is the direct cause of the harm and injury suffered by Plaintiffs; and the moral blame for the failure to procure and underwrite the current policy lies with the Defendants.

82. Further, the burden on the Defendants of imposing a duty to exercise care in procuring and underwriting the correct insurance policy for the needs of the insured (with resulting liability for breach thereof) is minimal given the expertise and uneven bargaining power of the Defendants, and Defendants' representations of being an expert in the field of providing insurance to the general public, such as Plaintiffs.

83. Plaintiffs relied on Defendants to conduct an appropriate underwriting analysis to ensure and maintain an insurance policy which provided appropriate and adequate coverage.

84. Defendants breached their duties owed to Plaintiffs by failing to conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance

to Plaintiffs that did not provide appropriate and adequate coverage to Plaintiffs.

85.    As a result of the Defendants' conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

86.    The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT

87.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 86 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

88.    Plaintiffs bring forth each and every cause of action alleged above under the Oklahoma Consumer Protection Act pursuant to its tie-in provision.

89.    At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant.

90.    Defendant has violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:

(1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the

consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct.

(4) At all material times hereto, Plaintiffs were consumers of insurance services or products of Defendant, and Plaintiffs would show that Defendant's violations as set forth above, constitute a violation of the Oklahoma Consumer Protection Act, causing Plaintiffs damages.

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the Oklahoma Consumer Protection Act, in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received.

### EIGHTH CAUSE OF ACTION
### BREACH OF COMMON LAW
### DUTY OF GOOD FAITH AND FAIR DEALING

91.  Plaintiffs adopt and incorporate by reference paragraphs 1 through 90 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

92.  Defendants' conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract.

93.  Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

94.    Defendants' failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiffs pray for judgment against Defendants, FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, CREWS INSURANCE AGENCY, PACESETTER CLAIMS SERVICE, INC. and CHARLES EDWARD GALLOWAY, for:

a.    Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject policy of insurance for damage to its dwelling and personal property caused by the May 26, 2013, wind/hail storm, together with interest on all amounts due;

b.    Compensatory damages for intentional infliction of emotional distress and mental pain and suffering;

c.    Disgorgement of the incureased financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

d.    Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00); and

e.    Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

18

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fosheeyaffe.com

**MERLIN LAW GROUP**

Larry Bache, Esq.
FL State Bar No: 91304
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
T: 813-229-1000
F: 813-229-3692

Phillip N. Sanov, Esq.
TX State Bar No: 17635959
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881

*ATTORNEYS FOR PLAINTIFFS*

**ATTORNEYS' LIEN CLAIMED
JURY TRIAL DEMANDED**

19